IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
      Plaintiff,

vs.                                                            Case No. 3:07cv475/RH/EMT

FEDERAL MAGISTRATE JUDGE MILES DAVIS,
      Defendant.
_____/

# O R D E R

      Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  On December 3, 2007, the undersigned issued a report and recommendation recommending that this action be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(d)(2)(B) (Doc. 7).  After Plaintiff received the report and recommendation, he filed a "Motion for Recusal of the Federal Magistrate Judge Elizabeth M. Timothy for Conflict of Interest and Motion for Change of Venue" (Doc. 8).

      As grounds for Plaintiff's combined motion to recuse and motion to change venue, he alleges that the undersigned has a conflict in considering any matters in this case because Magistrate Judge Davis, the sole Defendant, and the undersigned are employed in the same district court, and by virtue of this employment, have a personal and professional relationship (Doc. 8).

      Title 28 U.S.C.§144 governs recusal of a judge, and that statute provides:

      Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

      The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure

to file it within such time.  A party may file only one such affidavit in any case.  It
shall be accompanied by a certificate of counsel of record stating that it is made in
good faith.

28 U.S.C. § 144.  Section 144 sets out two technical requirements: first, it requires that an affidavit
of "a party" be submitted with the motion; second, it requires the filing of a certificate of counsel
with the motion, stating that the motion is made in good faith.  Here, Plaintiff did not file an affidavit
or even an unsworn statement that was made under penalty of perjury pursuant to 28 U.S.C. § 1746,
which has the same legal effect as an affidavit; therefore, he has failed to satisfy the first technical
requirement of the statute.  Additionally, Plaintiff, appearing pro se, has not submitted a certificate
stating that the motion was made in good faith, thereby avoiding the good faith strictures of Fed. R.
Civ. P. 11.  *See id.*  Because Plaintiff has failed to satisfy the procedural requirement of the statute,
the court need not consider the merits of his motion.  Thus, the undersigned concludes that
Plaintiff's motion should be denied, to the extent he brings it under § 144, due to his failure to
comply with the procedural requirements of the statute.

To the extent Plaintiff brings his motion under 28 U.S.C. § 455, his motion is likewise
subject to denial.  In this Circuit, §§ 144 and 455 must be construed in pari materia.  *See* Parrish v.
Bd. of Com'rs of Ala. State Bar, 524 F.2d 98, 102–03 (5th Cir. 1975).[1]  Section 455 provides:

(a) any justice, judge, magistrate, or referee in bankruptcy of the United
States shall disqualify himself in any proceeding in which his impartiality might
reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal
knowledge of disputed evidentiary facts concerning the proceeding; . . .

28 U.S.C. § 455(a, b(1)).  Under § 455(a), the standard is objectively based on whether a reasonable
individual could conclude based on all the facts that the judge's impartiality could be questioned,
that is, whether the facts establish that the appearance of partiality exists.  *See id.* § 455(a); Jaffree
v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1988).  Whereas, § 455(b), like § 144, requires a
showing of actual partiality.  *See* Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004)
(unlike motion under Section 455(a), which simply requires reasonable appearance of bias, motion

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as
binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

under Section 144 requires showing of actual bias, which only personal animus or malice on part of judge can establish). In either case, the moving party must allege facts supporting his contention; thus, he must allege facts from which a reasonable person could conclude that the judge's impartiality could be questioned, or facts that establish that a particular ground for disqualification actually exists. Additionally, bias sufficient to disqualify a judge must be personal rather than judicial unless the judicial conduct "reveal[s] an antipathy . . . intense enough to make fair judgment impossible." Onishea v. Hopper, 126 F.3d 1323, 1340, (11th Cir. 1997), *vacated on other grounds*, 133 F.3d 1377 (11th Cir. 1998); *see also* First Alabama Bank of Montgomery v. Parsons Steele, 825 F.2d 1475 (11th Cir. 1987); United States v. Meester, 762 F.2d 867, 884–85 (11th Cir. 1985). It is no basis for disqualification that the judge simply ruled adversely to the movant's cause. *See* United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990); Jaffe v. Grant, 793 F.2d 1182, 1188–89 (11th Cir. 1986). Furthermore, "a judge is not disqualified merely because a litigant sues or threatens suit" against him. Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993); *see also* United States v. Studley, 783 F.2d 934, 939–40 (9th Cir. 1986); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977). Judges need not recuse themselves merely because they are named as defendants in a meritless action, *see* Jones v. City of Buffalo, 867 F. Supp. 1155, 1162–63 (W.D.N.Y. 1994); *see also* Rafferty v. NYNEX Corp., 60 F.3d 844, 848 n.4 (D.C. Cir. 1995), or merely because they have been personally attacked by the defendant in other proceedings. United States v. Olander, 584 F.2d 876, 887 - 88 (9th Cir. 1978), *vacated on other grounds*, 443 U.S. 914, 99 S. Ct. 3104, 61 L. Ed. 2d 878 (1979); United States v. Bray, 546 F.2d 851, 858 (10th Cir. 1976); United States v. Marshall, 77 F. Supp.2d 764 (N.D. Tex. 1999). "A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him . . . ." 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3542, at 577-78 (2d ed. 1984).

 In the instant case, the facts contained in Plaintiff's motion are not stated with particularity and provide no basis for the belief that bias or prejudice exists. Plaintiff generally alleges that the undersigned is personally biased in favor of the adverse party, Magistrate Judge Davis, because we are employed in the same district court. However, Plaintiff's allegations are simply that, allegations.

He offers no facts in support of the undersigned's alleged bias in favor of Magistrate Judge Davis, nor does he provide any facts demonstrating a causal connection between the alleged bias and the issuance of the report and recommendation.  The recommendation of the undersigned that Plaintiff's case be dismissed was based upon well-established legal principles (*see* Doc. 7).  As Plaintiff offers no basis for his claim of bias other than the mere fact that the adverse party and the undersigned are employed in the same district court, and the undersigned made a legal determination that Plaintiff's claims should be dismissed pursuant to § 1915(e)(2)(B), he has failed to show that actual partiality exists or that any reasonable individual could conclude, based on these facts, that the partiality of the undersigned could be questioned.  Accordingly, disqualification is not appropriate, and there is no basis for transferring this case to another venue.

For the foregoing reasons, it is **ORDERED**:

Plaintiff's "Motion for Recusal of the Federal Magistrate Judge Elizabeth M. Timothy for Conflict of Interest and Motion for Change of Venue" (Doc. 8) is **DENIED**.

**DONE AND ORDERED** this 14th day of December 2007

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 3:07cv475/RH/EMT